UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS J. LASNOSKI,

        Plaintiff,                              **Case No.: 20-cv-1836**

v.

CAPTAIN HEIDI MICHEL, LT. JOLLY,
JANE DOE, Nurse, EMILY BLOZINSKI,
AIVA GONZALES, DR. ANULIGO, and
D. JENSEN,

        Defendants.

## CAPTAIN MICHEL AND LT. JOLLY'S BRIEF IN OPPOSITION TO PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION

Defendants, Captain Heidi Michel and Lt. Jolly ("County Defendants"), by their attorneys, Crivello Carlson, S.C., hereby respectfully submit this Brief in Opposition to Plaintiff's Request for Preliminary Injunction.

## INTRODUCTION

Plaintiff's Complaint includes a request for a preliminary injunction. In his Complaint, plaintiff requests for an order allowing him to schedule an appointment with an orthopedic surgeon at Froedtert Hospital and for the jail to comply and follow all orders of Froedtert as to his treatment. Plaintiff's motion is moot as he no longer is an inmate at the Brown County Jail.

# ARGUMENT

## I. THE ISSUE OF A PRELIMINARY INJUNCTION IS MOOT AS THE PLAINTIFF IS NO LONGER IN THE CUSTODY OR CONTROL OF THE BROWN COUNTY DEFENDANTS.

Article III of the Constitution requires an actual case or controversy. *Flast v. Cohen*, 392 U.S. 83, 94-101 (1968). As a result of this limitation, federal courts "may not 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996)(quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). A case becomes moot when the issues presented are no longer "live." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(*per curiam*). A case is moot if a decision will not touch the current legal relations of the parties. *DeFunis Odegaard*, 416 U.S. 312, 317 (1974) (*per curiam*). To satisfy constitutional jurisdictional requirements, controversy must exist at all stages of review, not only when the complaint is actually filed. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

The purpose of a preliminary injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit. *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Granting a preliminary injunction is "an exercise of very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 389 (7th Cir. 1984). A preliminary injunction is an extraordinary remedy. *Shaffer v. Globe protection, Inc.*, 721 F.2d 1121, 1123 (7th Cir. 1983).

In *Kane v. Carr*, 769 F.Supp. 301, 301 (E.D. Wis. 1991), the plaintiff, was incarcerated at Waupun Correctional Institution at the time he filed the action

2

against several officials at the Milwaukee County Jail, where he had once been incarcerated. The complaint alleged, among other things, that the plaintiff suffered a severe injury to the nerves and tendons of this left thumb and that the defendants (mostly medical staff at the Milwaukee County Jail) had not properly attended to the injury. *Kane*, 769 F. Supp. at 301. The complaint also alleged that the injury was of such a severity as to require surgery, but that the defendants' position was that the surgery was elective. *Id*. The plaintiff subsequently filed a motion for preliminary injunction ordering the defendants to arrange for the plaintiff to have the thumb surgery performed. *Id*. The court conducted the following analysis:

> The file discloses that the plaintiff is no longer in the custody or control of the present defendants. On July 23, 1991, the plaintiff sent a letter to Magistrate Judge Robert L. Bittner, informing Magistrate Judge Bittner that he has been transferred from the Milwaukee County Jail to the Waupun Institution. This letter, which has become part of the file, demonstrates that the present request for injunctive relief against the present defendants is effectively moot. If, as alleged, those defendants were at one time unconstitutionally barring the plaintiff from proper medical treatment or had been neglecting their constitutional obligation to arrange for such treatment, they have since lost their capacity to do so. That is, the plaintiff can no longer assert that the present defendants are perpetrating an "ongoing constitutional violation" that justifies the entry of injunctive relief, *cf. Al-Alamin v. Gramley*, 926 F.2d 680, 684, 688 (7th Cir. 1991). *See also Young v. Lane*, 922 F.2d 370, 373-74 (7th Cir. 1991) (discussing potential mootness of appeal due to intervening transfer of appellant-inmate); *Kincaid v. Rusk*, 670 F.2d 737, 741 (7th Cir. 1982) (same) . . . .
>
> Indeed, the file does include evidence supporting the plaintiff's claim of a thumb injury (which occurred prior to his admission to the county jail). However, as to the plaintiff's request for injunctive relief, the court is presently without jurisdiction to order the plaintiff's current custodians at Waupun to do anything, as such persons are not parties to this action.

3

*Id.* at 301-02; *see also Santiago v. Walls*, 196 Fed. Appx. 416 (7th Cir. 2006) (the plaintiff's appeal was frivolous where his motion was moot before it was even denied because by then he had been transferred to a different jail); *Lagar v. Tegels*, No. 14-cv-036-wmc, 2016 WL 6990011, * 9 (W.D. Wis. Nov. 29, 2016) (the plaintiff's request for a preliminary injunction was rendered moot because he was no longer incarcerated and because the defendant had discontinued the program that caused the alleged constitutional deprivation entirely).

Here, like the above cases, the plaintiff's motion is rendered moot. Like in *Kane* and *Santiago*, the plaintiff has since been transferred to prison and is no longer in the care or custody of the Brown County defendants. Thus, this Court no longer has jurisdiction over the claims because the current County defendants are no longer in a position to deprive the plaintiff from any constitutional protections. *See also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (finding that injunctive relief was moot because plaintiff had transferred to a different facility and there was no indication of "a realistic possibility that he will again be incarcerated in the same state facility and therefore be subject to the actions of which he complains"); *Ortiz v. Downey*, 561 F.3d 664, 668 (7th Cir. 2009). According to the State Inmate Locator, Thomas Lasnoski was transferred to the Dodge Correctional Institution on April 28, 2021.[1] There is no indication that he will again be incarcerated at the Brown County Jail. Therefore, this Court should deny Plaintiff's motion for preliminary injunction.

---

[1] *See* https://appsdoc.wi.gov/lop/detail.do (showing the current status of Plaintiff's incarceration at the Dodge Correctional Institution beginning April 28, 2021) (attached).

4

## II. EVEN IF THIS COURT FINDS THAT THE REQUEST FOR A PRELIMINARY INJUNCTION IS NOT MOOT, INJUNCTIVE RELIEF IS A DRASTIC REMEDY THAT SHOULD NOT BE GRANTED AS A MATTER OF COURSE.

A preliminary injunction "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Boucher v. Sch. Bd. of School Dist. of Greenfield*, 134 F.3d 821, 823 (7th Cir. 1998) (emphasis in original) (quoting *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)). While the decision whether to grant or deny a request for preliminary injunction is within the district court's discretion pursuant to Federal Rule of Civil Procedure 65(a), injunctions "should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010); *Boucher*, 134 F.3d at 824; Fed. R. Civ. P. 65(a).

In determining whether a movant has carried its burden, the court must first determine whether the movant has demonstrated: 1) that its case has a reasonable likelihood of success on the merits; 2) that no adequate remedy at law exists; and 3) the movant will suffer irreparable injury if the preliminary injunction is denied. *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The movant bears the burden of persuasion with regards to each factor. *Cox v. City of Chicago,* 868 F.2d 217, 219 (7th Cir. 1989). "If a plaintiff fails to meet just one of the prerequisites for a preliminary injunction, the injunction must be denied." *Id.* at 222 (reversing the grant of a preliminary injunction where plaintiffs did not demonstrate a reasonable likelihood of success on the merits). Moreover, the inquiry into the likelihood-of-success element is a "threshold factor." *Rust Env't & Infrastructure, Inc. v.*

5

*Teunissen*, 131 F.3d 1210, 1213 (7th Cir. 1997); *see also O'Connor v. Bd. of Ed. of Sch. Dist. No. 23*, 645 F.2d 578, 580–82 (7th Cir. 1981). If the movant cannot establish a likelihood of success on the merits, the analysis ends there. *Rust*, 131 F.3d at 1213. A party who can show only a negligible chance of victory is not entitled to a preliminary injunction, no matter how grave the harm it faces. *Omega Satellite Products Co. v. City of Indianapolis,* 694 F.2d 119, 123 (7th Cir. 1982).

Even where a movant is able to demonstrate each of the factors, the court must then move onto the balancing stage. First, it must consider "the irreparable harm that the **nonmoving** party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied." *Ty, Inc.*, 237 F.3d at 895 (emphasis added). If the movant is able to prevail in this balancing test, the Court must then consider the public interest in denying or granting the injunction. *Id.* (citing *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994)).

Here, Plaintiff cannot meet his burden as to the threshold requirement of showing the likelihood of success on the merits. Further, Plaintiff cannot show irreparable harm or the lack of an adequate remedy at law. Additionally, the balancing of harm favors the County Defendants, and Plaintiff cannot establish that the public interest in granting his motion outweighs the public interest in denying it. Accordingly, Plaintiff's Motion should be denied.

### III. PLAINTIFF HAS NOT MADE A CLEAR SHOWING TO CARRY HIS BURDEN OF PERSUASION FOR THE EXTRAORDINARY AND DRASTIC REMEDY OF AN INJUNCTION.

#### A. Plaintiff Cannot Establish a Likelihood of Success on the Merits Because He Cannot Prove That His Medical Care While at the Jail Was Objectively Unreasonable.

A § 1983 claim that a pretrial detainee has received inadequate medical care is predicated on the rights secured by the Fourteenth Amendment's Due Process Clause. *Miranda v. County of Lake*, 900 F.3d 335, 346-47 (7th Cir. 2018). The plaintiff bears the burden to demonstrate objective unreasonableness, and he must make a twofold showing: (1) that the defendant acted purposefully, knowingly, or recklessly when considering the consequences of his response to the medical condition at issue in the case, and (2) that the challenged conduct was objectively unreasonable in light of the totality of the relevant facts and circumstances. *Id*.

The Seventh Circuit has held that the proper standard for evaluating the likelihood of success on the merits when considering a motion for a preliminary injunction is that the plaintiff must establish that the "claim has some likelihood of success on the merits." *Mays v. Dart*, 974 F.3d 810, 822 (7th Cir. 2020) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)) (emphasis in original). What amounts to "some" depends on the facts of the case at hand" and is otherwise known as the sliding scale approach. *Mays*, 974 F.3d at 821. Similarly, this standard "requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Id*. at 822 (emphasis in original).

### *1. Plaintiff cannot show that the County Defendants acted purposefully, knowingly, or recklessly when considering consequences of their response to the medical condition in this case.*

Specifically, Plaintiff alleges in his Complaint that on April 10, 2019, he was involved in a motor vehicle collision, which resulted in surgery for a pelvic fracture. (Dkt. 1, Compl. ¶ 8-9.) According to the Complaint, the plaintiff was transferred to the Brown County Jail one week after his surgery "because of a warrant for his arrest." (Id. ¶ 10.) Plaintiff's claims appear to arise out of the jail's alleged failure to provide him with adequate medical care after his surgery, particularly in violation of the Fourteenth Amendment of the United States Constitution, as alleged.

To be successful on the merits of Plaintiff's prospective injunctive relief, Plaintiff must first demonstrate that the County Defendants acted purposefully, knowingly, or recklessly when considering the consequences of his response to the medical condition at issue in the case. Here, Plaintiff has not adequately alleged the County Defendants acted purposefully, knowingly, or recklessly when allegedly depriving the plaintiff of adequate medical care. In fact, the plaintiff's Complaint alleges a multitude of actions by the County defendants that constituted medical care toward the plaintiff. For instance, although Plaintiff alleges that he was not given the pain medication prescribed by his surgeon at Froedtert, he states that he was given Meloxicam, Duloxetine, and Tylenol. (Compl. ¶ 11.) Further, the plaintiff states that he was granted access to the pain management clinic not once, but twice, during his detainment at the Brown County Jail. (*Id.* ¶ 16.)

As stated in the Complaint, Defendant Captain Michel visited the plaintiff in December of 2019. (*Id*. ¶ 15.) During that visit, Captain Michel told the plaintiff that she was aware of the plaintiff's medical issues, but that the jail was following all orders from Froedtert. (*Id*.) From this conversation as it was alleged in the Complaint, it can be inferred that Captain Michel had been in contact with the jail's medical health care providers who had the records necessary to evaluate plaintiff's medical condition. The plaintiff alleges no improper conduct on the part of either Defendant Michel or Jolly other than their decisions to listen to the jail's medical providers. Nothing about this conduct as alleged in the Complaint effectively shows that Defendants Michel and Jolly were intentionally, recklessly, or purposefully depriving the plaintiff of adequate healthcare. In fact, they took steps to ensure that the plaintiff was receiving the appropriate healthcare by taking the time to speak with his treatment providers and the plaintiff himself.

From the allegations contained in the Complaint, the timeline of the plaintiff's alleged inadequate medical care is vague at best, and from those allegations Plaintiff cannot show that the County Defendants acted purposefully, knowingly, or recklessly. Accordingly, Plaintiff cannot show a likelihood of success on the merits of his claims.

> ### 2. *Plaintiff cannot show that the County Defendants' conduct was objectively unreasonable in light of the totality of the relevant facts and circumstances.*

As stated above, Plaintiff argues that his Fourteenth Amendment rights were violated by the Brown County defendants by not providing him with proper medical

care. Plaintiff cannot show that the County Defendants' conduct was objectively unreasonable.

It is important to note that more than negligence or even gross negligence is required for a viable § 1983 claim for inadequate medical care. *McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018). Plaintiff's allegations revolve entirely around the alleged inadequate medical care he received while at the Brown County Jail. Defendants Michel and Jolly are not doctors and as such are not able to assess and diagnose patients or to provide treatment. As the plaintiff himself admits in the Complaint that Defendants Michel and Jolly were following the treatment plan of Doctor Anuligo, Plaintiff has failed to show any unreasonable conduct on the part of either Defendant Michel or Jolly.

More importantly, jail personnel are entitled to rely on or defer to the evaluations and opinions of the jail medical/mental health staff as long as that reliance was reasonable. *Greeno v. Daley*, 414 F.3d 645 (7th Cir. 2005); *Foelker v. Outagamie County*, 394 F.3d 510, 512 (7th Cir. 2005); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). In other words, there is no liability on an officer if he or she was entitled to rely on the medical opinions, determinations and evaluations of other health care providers. The Court in *Greeno* explained:

> If a prisoner is under the care of medical experts…<u>a non-medical prison official will generally be justified in believing that the prisoner is in capable hands</u>. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. <u>Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor</u>.

10

*Greeno*, 414 F.3d at 656 (emphasis added)(citing to *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)). *See also*, *Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006). The court in *Johnson* explained that it was reasonable for a jail officer to defer to the opinions of medical personnel.

> Nevertheless, <u>Curll did not disregard Johnson's complaints. He investigated the situation, made sure that the medical staff was monitoring and addressing the problem, and reasonably deferred to the medical professionals' opinions</u>. *See Greeno*, 414 F.3d at 656 ("Perhaps it would be a different matter if [the non-medical prison official] had ignored [the plaintiff's] complaints entirely, but we can see no deliberate indifference given that he investigated the complaints and referred them to the medical providers who could be expected to address [the plaintiff's] concerns.").

*Johnson*, 433 F.3d at 1010. (Emphasis added). The Seventh Circuit in *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) reaffirmed the long-standing rule that non-medical jail officers are "encouraged" to defer to the professional judgments of professionals. The Court explained that Officers are permitted to rely on such expertise "without fear of liability for doing so". The Court explained:

> Berry failed to present sufficient evidence to support a reasonable jury finding that jail administrator Peterman acted with deliberate indifference. **As a nonmedical administrator, Peterman was entitled to defer to the judgment of jail health professionals so long as he did not ignore Berry**. *See Hayes v. Snyder*, 546 F.3d 516, 527-28 (7thCir. 2008); *Johnson v. Doughty*, 433 F.3d 1001, 1010-11 (7th Cir. 2006); *Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir. 2005); *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). The undisputed facts show that Peterman met this standard. He consulted with the medical staff, forwarded Berry's concerns to the DOC, and timely responded to Berry's complaints. That he took no further action cannot be seen as deliberate indifference. As a practical matter, it would be unwise to require more of a nonmedical staff member like Peterman. As *Hayes*, *Johnson*, *Greeno*, *Spruill*, and a host of other cases make clear, **the law encourages non-medical security and**

11

Case 2:20-cv-01836-LA    Filed 05/13/21    Page 11 of 18    Document 17

**administrative personnel at jails and prisons to defer to the professional medical judgments of the physicians and nurses treating the prisoners in their care without fear of liability for doing so**. The district court properly granted summary judgment to defendant Peterman.

*Berry*, 604 F.3d at 440. (Emphasis added).

Here, the County defendants were in contact with the jail medical providers as to the treatment being provided, and even took the time to discuss the plaintiff's treatment with the plaintiff himself in order to assure him that he was being adequately taken care of. As were the jail administrators in *Johnson* and *Berry*, Defendants Michel and Jolly are entitled to rely on mental health staff as to their assessment of Inmate Lasnoski and whether any follow up is necessary. Based on the above, the plaintiff cannot show a likelihood of success on the merits of his claims.

### B. Plaintiff Cannot Establish the Lack of an Adequate Remedy at Law.

Injunctive relief is "extraordinary" and courts should only award it if the movant cannot secure an adequate rectification of its grievance by an award of damages. *See Boucher*, 134 F.3d at 823. Instead, however, Plaintiff specifically seeks preliminary injunctive relief ordering Defendants Michel and Doctor Anuligo to schedule an appointment immediately with the orthopedic surgeon at Froedtert MCW Hospital and to follow all orders of Froedtert, including medications due to the plaintiff. *See* (Dkt. 1, Compl. ¶ 20.)

As stated above, the plaintiff is no longer detained at the Brown County Jail, which means that Defendant Michel no longer has any authority with which to

schedule a medical appointment for the plaintiff. As such, this Court no longer has jurisdiction over the preliminary injunction because there is no relief to be provided when the plaintiff is no longer in the custody or control of the County defendants who are allegedly causing the constitutional deprivation. Thus, because Plaintiff is no longer detained at the Brown County Jail, he is not entitled to preliminary injunctive relief. Plaintiff's Motion should therefore be denied.

### C. Plaintiff Cannot Establish that He Will Suffer Irreparable Harm Absent a Preliminary Injunction.

Even if the Plaintiff is able to show a likelihood of success, the Court must then determine how likely that success is, because this impacts the balance of relative harms. *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984). The less likely a movant is to win, the more heavily "need the balance of harms weigh in his favor." *Id.* Irreparable harm is "harm that cannot be prevented or fully rectified by the final judgment after trial." *Id.* at 386. To be "irreparable," the threat of irreparable injury must be "real," "substantial," and "immediate," not speculative or conjectural. *City of L.A. v. Lyons*, 461 U.S. 95, 111 (1983).

Plaintiff cannot establish that the alleged harm is "immediate" or "real" because, as he is no longer currently detained by Brown County, he cannot prove that Brown County is violating his Fourteenth Amendment rights and preventing him from seeking medical treatment. Furthermore, the allegations relate to the time period of April of 2019, over 2 years ago. In other words, it is highly unlikely that Plaintiff still has the same type of appointments with Froedtert that he did immediately after surgery in 2019. Thus, Plaintiff's argument effectively asks the

Court to look to alleged past conduct of the correctional officers and other medical staff at the jail and to make a *preventative* decision that simply no longer applies, given the present circumstances.

Accordingly, Plaintiff cannot show that, as a *former* detainee of the Brown County Jail, which involves medical treatment from April of 2019, he will be subjected to any of the circumstances that he alleges he was previously subjected to in the Complaint. He therefore cannot show that irreparable harm is "real," "substantial," or "immediate." *Lyons*, 461 U.S. at 111. Indeed, even if the plaintiff were to be detained again in the future, a preliminary injunction would be too speculative of a remedy as it would be based on unsubstantiated and past alleged actions of the named County Defendants. It also deals with a different factual scenario as the current medical condition of the plaintiff today is unknown. Accordingly, Plaintiff cannot show that irreparable harm will result absent a preliminary injunction. Plaintiff's Motion should therefore be denied.

### III. THE BALANCING TEST DICTATES DENIAL OF A PRELIMINARY INJUNCTION BECAUSE IT IS NOT IN THE PUBLIC INTEREST AND IT WOULD CREATE INSTABILITY TO THE BROWN COUNTY JAIL.

Even assuming, *arguendo*, that Plaintiff can establish that he is likely to succeed on the merits and will suffer some irreparable harm in the absence of a preliminary injunction, that harm is greatly outweighed by the harm the County Defendants will suffer if the injunction is granted. The balance of harms favors denial of Plaintiff's Motion because the relief he seeks is dependent, in part, on a third-party outside of the jail's control: Froedtert MCW Hospital. In his Complaint,

14

the plaintiff appears to assume that the staff at the Brown County Jail made no attempt to provide him with medical care—outside or otherwise. However, the jail contracts with medical professionals to treat and evaluate inmates at the jail. In fact, the plaintiff even admits that the Defendants made attempts to allow the plaintiff access to post-surgery follow-up care by allowing him to be treated at the pain management clinic—more than once. (Dkt. 1, ¶ 16.) To bypass the jail medical providers' evaluation and expertise through a preliminary injunction and order that an inmate be provided care by an outside provider (more than two years after the surgery that the plaintiff argues he was required to have a follow-up appointment for) is a substantial burden to place on the jail and its staff, and such a burden certainly outweighs the plaintiff's alleged right to make multiple outside appointments with a specific provider. Further, there is no information in the Complaint as to whether he is **<u>currently</u>** in need of medical care from Froedtert or needs follow-up care from his surgery that occurred two years ago, especially considering the plaintiff's allegation that the follow-up care was supposed to be 10-14 days post-surgery, back in 2019. (Dkt. 1, Compl. ¶ 13.)

Even assuming, again for the sake of argument, that Plaintiff can show a likelihood of success on the merits, irreparable harm, and the requisite balance of harms, Plaintiff still is not entitled to a preliminary injunction because it is not in the public interest. A preliminary injunction could do more harm in that it circumvents the jail's medical providers who were responsible for the plaintiff's care while he was an inmate at the Brown County Jail. Just because Plaintiff disagrees

15

with the treatment provided by the jail's licensed healthcare providers does not mean that it was unreasonable. Finally, this Court has previously recognized that courts have a duty to defer to prison officials in matters of prison safety and administration. *Flynn v. Doyle*, 630 F.Supp.2d 987 (E.D. Wis. 2009). Therefore, because the public interest weighs against granting Plaintiff's Motion, it should be denied.

## CONCLUSION

Based on the foregoing, the County Defendants respectfully request that the Court deny the Plaintiff's Motion for Preliminary Injunction.

Dated this 13th day of May, 2021.

                CRIVELLO CARLSON, S.C.
                Attorneys for Defendants Michel and Jolly

        By:    *s/ Amy J. Doyle*
                AMY J. DOYLE
                State Bar No.: 1001333
                MICAELA E. HAGGENJOS
                State Bar No.: 1118840

**PO ADDRESS**:
710 North Plankinton Avenue
Suite 500
Milwaukee, WI 53203
Phone: 414-271-7722
Email: adoyle@crivellocarlson.com
       mhaggenjos@crivellocarlson.com

16

Case 2:20-cv-01836-LA   Filed 05/13/21   Page 16 of 18   Document 17

# Wisconsin Department of Corrections

Name: **LASNOSKI, THOMAS J**            DOC: **00476329**

Birth year: **1986**  
Age: **34**  
Gender: **MALE**  
Race: **WHITE**  
Ethnicity: **NOT HISPANIC OR LATINO**  
Dexterity: **RIGHT HANDED**

Weight: **184**  
Height: **5' 11"**  
Eye Color: **BLUE**  
Hair Color: **BROWN**

Aliases  
| THOMAS J LASNOSKI |
| TOMMY GUNNZ |

   

Front     Left     Right     Front with Glasses

Photo(s) Taken: **04/28/2021**

Status: **INCARCERATED**  
Sub-Status:  
Institution:

    **Dodge Correctional Institution**  
    **P.O. Box 661**  
    **Waupun, WI 53963-0661**  
    **(920)324-5577**

Region Unit:

    **Unit 414**  
    **4 14 02**  
    **2000 American Boulevard**  
    **Suite B**  
    **De Pere, WI 54115**  
    **(920) 4485383**

Maximum Discharge Date:  
Parole Eligibility Date:            Mandatory Release/Extended Supervision Date:

**Addresses**

**Residence**

| Address | Reported |
|---|---|

## Movement

| Date | Type | Reporting Location | Other Location |
|---|---|---|---|
| 04/28/2021 | Admitted Inmate with New JOC | Dodge Correctional Institution | Brown County Jail |

## Court Cases

| Case # | Location | Statute # | Convicted |
|---|---|---|---|
| 04CF00503 | BROWN | 940.19(1) , 947.01 | 09/17/2004 |
| 04CM00899 | BROWN | 948.60(2)(A) | 09/17/2004 |
| 08CF561 | WINNEBAGO | 941.20(1)(C) , 947.01 | 09/22/2009 |
| 19CF495 | BROWN | 940.01(1)(A) | 02/03/2021 |